UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANDRE CANTEY,

                Petitioner,

v.                                            9:19-CV-1235
                                                   (BKS/DJS)

CATHERINE JACOBSEN,

                Respondent.
_____

APPEARANCES:                                           OF COUNSEL:

ANDRE CANTEY
Petitioner pro se
14-A-4643
Wallkill Correctional Facility
Box G
Wallkill, NY 12589

HON. LETITIA JAMES                            PAUL B. LYONS, ESQ.
Attorney for Respondent                        Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

      Petitioner Andre Cantey seeks federal habeas relief pursuant to 28 U.S.C. § 2254.  Dkt.

No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibits ("Ex").  On October 16, 2019, the Court ordered

respondent to answer the petition.  Dkt. No. 2, Order ("October Order").

      Instead, respondent filed a motion to dismiss for a lack of subject matter jurisdiction.

Dkt. No. 3, Motion; Dkt. No. 4, State Court Record ("SCR"); Dkt. No. 5, Memorandum of Law. The Court accepted the motion in lieu of an answer. Dkt. No. 6, Text Order. Petitioner opposed the motion. Dkt. No. 7, Response in Opposition ("Pet. Resp."); Dkt. No. 8, Exhibits. Petitioner later filed an additional motion, which appeared to further oppose respondent's motion to dismiss. Dkt. No. 9, Motion. Respondent filed a reply. Dkt. No. 10, Reply.[1]

For the reasons which follow, the habeas petition is dismissed.

## II. RELEVANT BACKGROUND

### A. City Court Conviction

Petitioner was convicted, in 2014, in Albany City Court, pursuant to a guilty plea, for seventh degree criminal possession of a controlled substance. Pet. at 1-2.[2] On June 18, 2014, petitioner was sentenced to a definite term of 179 days incarceration in Albany County Jail, as well as $250 in fines and surcharges. Pet. at 1; SCR at 1-4; Pet. Resp. at 3. According to the Albany County Sheriff's Office, petitioner's maximum release date on his City Court conviction was December 8, 2014. SCR at 3-4. However, petitioner's sentence was later adjusted by fifty-nine (59) days, changing his projected release date to October 9, 2014. SCR at 4.

Petitioner did not timely file his direct appeal. Pet. at 2. On December 5, 2014, he filed a pro se application for an extension of time to file his direct appeal pursuant to New York

---

[1] With the exception of the State Court Record, which is separately paginated by the Bates Stamp in the bottom center of each page, citations to the parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[2] Initially, the Court mistakenly identified petitioner's second 2014 conviction, in Albany County, pursuant to a guilty plea, for third degree criminal sale of a controlled substance, as the conviction petitioner was challenging. October Order at 1-2. The Court's oversight did not otherwise impact the remainder of the habeas proceedings.

Criminal Procedure Law ("CPL") § 460.30.  SCR at 47-49; Pet. at 3-4, Ex. at 20-22.  The motion was denied on March 6, 2015.  SCR at 50-52.[3]

Petitioner again challenged his conviction, pursuant to CPL § 440 ("440 motion"), seeking to vacate the judgment due to ineffective assistance of counsel; however, the motion was denied on July 20, 2015.  Pet. at 6; SCR at 54.  Petitioner appealed the county court's denial of his 440 motion.  SCR at 53-56 (Decision and Order denying appeal).[4]  While petitioner's application to appeal was granted, ultimately, on February 17, 2016, petitioner's appeal was denied as meritless.  SCR at 53, 55-56.

On February 28, 2018, petitioner filed a second 440 motion seeking to vacate his judgment of conviction.  SCR at 60.  On April 6, 2018, the motion was denied by Albany City Court.  SCR at 57-58.[5]  Petitioner sought leave to appeal, which was denied on August 14, 2018.  SCR at 60.

Thereafter, petitioner moved to reargue the denial of his application seeking leave to appeal.  SCR at 60.  Further, petitioner filed a petition for a writ of error coram nobis.  *Id.*  On February 20, 2019, both the motion and petition were denied.  SCR at 60-63.[6]  Petitioner applied for leave to appeal the County Court's February denial.  SCR at 64.  The New York State Appellate Division, Third Department, denied the application on May 28, 2019.  *Id.*

---

[3] Petitioner also provided a copy of this Decision and Order in the supporting exhibits he attached to his petition.  *See* Ex. at 5-7, 17-19.

[4] Petitioner also provided a copy of this Decision and Order in the supporting exhibits he attached to his petition.  *See* Ex. at 1-4.

[5] Petitioner also provided a copy of this Decision and Order in the supporting exhibits he attached to his petition.  *See* Ex. at 13-14.

[6] Petitioner also provided a copy of this Decision and Order in the supporting exhibits he attached to his petition.  *See* Ex. at 8-12.

Petitioner sought leave to appeal from the New York Court of Appeals. SCR at 65. That application was also denied on July 19, 2019. *Id.*[7]

## B.     Other Criminal Convictions

On September 23, 2014, petitioner was sentenced in Rensselaer County, upon a guilty plea, for third degree attempted criminal sale of a controlled substance. SCR at 6-16. Petitioner was then "committed to the custody of the New York State Department of Correctional Services [("DOCCS")] for a determinate term of two and a half years followed by two years of post-release supervision. This [sentence was to] . . . be served concurrent to a four month sentence that [petitioner was] currently serving," from the Albany City Court conviction. SCR at 12. To execute petitioner's felony sentence from Rensselaer County Court, he was transferred to Downstate Correctional Facility on October 27, 2014. SCR at 22.[8]

On February 6, 2015, petitioner was convicted in Albany County Supreme Court, based on a guilty plea, to third degree criminal sale of a controlled substance. SCR at 23-46. Petitioner was sentenced "to a determinate sentence of six years [and a] three-year period of post release supervision . . . [which] shall run consecutive to any and all other time [petitioner] may receive[.]" SCR at 42; *see also People v. Cantey*, 161 A.D.3d 1449 (3rd Dep't 2018), *lv. denied*, 32 N.Y.3d 935 (2018), *lv. denied*, 32 N.Y.3d 940 (2018). The 2014

---

[7] Petitioner also provided a copy of this Decision and Order in the supporting exhibits he attached to his petition. *See* Ex. at 15.

[8] Individuals subjected to a determinate sentence "shall [be] commit[ted] . . . to the custody of the state department of corrections and community supervision [("DOCCS")] for the term of his . . . sentence," whereas those serving definite sentences shall serve them in a "county or regional correctional institution." *See* N.Y. Penal Law §§ 70.20(1)-(2).

Rensselaer County and 2015 Albany County sentences ran consecutively to one another. SCR at 17-22. The same records make no mention of the 2014 City Court sentence, except to generically indicate that petitioner had misdemeanor arrests and convictions, along with prior probation, local jail, and state prison dispositions. SCR at 21.

## III.  HABEAS PETITION

Petitioner challenges his 2014 Albany City Court conviction for seventh degree criminal possession of a controlled substance. Pet. at 1-2; Pet. Resp. at 1 ("Petitioner is challenges [*sic*] the City Court Judgment date[d] June 18, 2014.")

Petitioner contends that he is entitled to federal habeas relief because his counsel was constitutionally ineffective. Pet. at 7-8; Pet. Resp. at 2, 3; Ex. at 6-8 (explaining the factual underpinnings of the ineffective assistance of counsel claim). In later submissions, petitioner also argues that his constitutional rights were violated by (1) being subjected to an illegal search and seizure; (2) being unlawfully arrested without probable cause; and (3) making an unknowing and involuntary plea. Pet. Resp. at 1-4; *see also* Ex. at 2-7 (explaining factual underpinnings of constitutional violations). Moreover, petitioner contends that the state court system erred when it "failed to provide [him] with a 'full and fair' opportunity to litigate [his] Four[th] Amendment claim." Ex. at 10-11, 14-15.[9]

Respondent moves to dismiss the petition arguing that petitioner is no longer in

---

[9] In his documents, petitioner asks that this Court remand his habeas action back to the state courts for a suppression hearing. Ex. at 11; Dkt. No. 9-2 at 1. That is not relief this Court is capable of granting. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) (explaining that "the traditional purpose of habeas corpus" is to seek "immediate or more speedy release" from custody and that "habeas corpus is not an appropriate or available federal remedy" for other types of relief). To the extent petitioner's motion can be construed to request a stay, granting said motion would be inappropriate because such a request relates to his sentence calculation for a different criminal conviction. Rule 2(e), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") (A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment[.]")

5

custody because his City Court sentence has expired. Dkt. No. 5 at 7-10. Accordingly, this Court lacks subject matter jurisdiction over the claim. *Id.*

Petitioner filed several submissions which, liberally construed, all appear to be in opposition to respondent's motion to dismiss. *See* Dkt. Nos. 7-9. Petitioner contends that he continues to suffer "emotional distress . . . due to Petitioner's arrest, conviction, and his civil rights being violated," as well as "collateral legal consequences [like] pa[ying] a fine and DNA fee, [being unable to] . . . apply for a business license, and [not being able] to vote." Pet. Resp. at 2.

Furthermore, petitioner argues he satisfies the "in custody" requirement because DOCCS did not properly credit his jail time from his City Court sentence. Pet. Resp. at 2; *accord* Ex. at 15-17 (explaining that petitioner was released from Albany County Jail into DOCCS custody after only 101 days of his City Court sentence and the failure to provide jail time credit means petitioner's release date on said sentence has been delayed); Dkt. No. 9 at 1 ("Petitioner['s] conditional release date and max date has been move[d] back four months[.]"). This argument is, at best, extremely difficult to decipher. On one hand, petitioner contends he still has a portion of his City Court sentence left to serve after the completion of one or both of his other County Court sentences; however, this is contrary to petitioner's acknowledgment that he "served out [his] definite 179 day[ term.]" *Compare* Dkt. No. 9 at 1 *and* Dkt. No. 9-1 at 1-3 *with* Dkt. No. 9 at 2. Petitioner concludes that his City Court sentence has either been extended or used to enhance his other sentences. Pet. Resp. at 3; Dkt. No. 9 at 2; *accord* Pet. Resp. at 5. In sum, petitioner argues that he "remain[s] 'in custody' until all [his] sentences were served[.]" Ex. at 15.

6

## IV. DISCUSSION

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) [of the Federal Rules of Civil Procedure] when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A district court has subject matter jurisdiction to consider a state prisoner's petition for habeas relief 'only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States' at the time he files the petition." *Hurdle v. Sheehan*, No. 1:13-CV-6837, 2016 WL 4773130, at *2 (S.D.N.Y. Sept. 12, 2016) (quoting 28 U.S.C. § 2254(a)).

> Courts have construed the term "in custody" liberally to extend beyond physical incarceration; it has been interpreted to include individuals who, at the time of the filing of the petition, were on parole . . ., supervised release . . ., and bail . . . .
>
> However, once a sentence has been completely served and thus expired, an individual is no longer "in custody" under that conviction, even when the possibility exists that the conviction may be used to enhance a future sentence.

*Valdez v. Hulihan*, 640 F. Supp. 2d 514, 515 (S.D.N.Y. 2009) (internal citations omitted); *see also Maleng v. Cook*, 490 U.S. 488, 491-92 (1989) (explaining that a petitioner who files his habeas petition before the sentence of his challenged conviction expires is deemed to be in custody, even if the sentence expires during the course of the habeas action, whereas a petitioner who challenges "a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed" is not). "[E]ven where the petitioner continues to be incarcerated on an unrelated conviction at the time of filing, the 'in custody' requirement is not satisfied where the sentence for the challenged conviction has been fully served."

7

*Whaley v. Graham*, No. 2:06-CV-3021, 2007 WL 708796, at *2 (E.D.N.Y. Mar. 6, 2007) (citing cases).

There are exceptions to the rule. When an invalid prior conviction, whose sentence has expired, is used to enhance a sentence petitioner is currently serving, the petitioner has satisfied the 'in custody' requirement. *Williams v. Edwards*, 195 F.3d 95, 96 (2d Cir. 1999) (citing *Maleng*, 40 U.S. at 491-94). Furthermore, when a petitioner is serving consecutive sentences, "in custody" has been construed "to require that consecutive sentences be viewed in the aggregate." *Garlotte v. Fordide*, 515 U.S. 39, 45-46 (1995) (citing *Peyton v. Rowe*, 391 U.S. 54, 66 (1968).

> Therefore, even if a prisoner has already completed the first in a series of consecutive sentences, the Court nonetheless has jurisdiction to hear a challenge to the validity of that first sentence. The Supreme Court's decisions in *Garlotte* and *Peyton* are premised on the fact that shortening even an expired conviction that is part of a "continuous stream" of consecutive sentences "would advance the date" of a prisoner's "eligibility for release from present incarceration."

*Hurdle*, 2016 WL 4773130, at *3 (quoting *Garlotte*, 515 U.S. at 47).

> Where, however, a prisoner serving a series of *concurrent* sentences challenges a shorter sentence that has already expired, the prisoner is no long 'in custody' on the shorter sentence, even if he remains in custody under a longer sentence, since a successful habeas action resulting in a vacated concurrent sentence would have no effect on the state prisoner's release date from his other conviction and sentence.

*Id.* (internal quotation marks and citations omitted). The delineation between concurrent and consecutive sentences, and the effect of challenging them alone or in combination, is consistent with the aims of the jurisdictional custody requirement because "a prisoner who attacks an earlier-imposed consecutive sentence may obtain relief through a recalculated

8

aggregate term;" however, "even if a prisoner serving a concurrent sentence were to obtain relief in vacating a shorter, expired sentence, it would have no effect on the prison term he is still serving." *Id.*

Here, petitioner has explicitly stated his intention to solely challenge his 2014 conviction from Albany City Court which sentenced petitioner to 179 days in county jail, expiring on December 8, 2014. Pet. at 1-2; Pet. Resp. at 1,3; SCR at 1-4. That sentence was later reduced, instead expiring on October 9, 2014. SCR at 4. Accordingly, when this petition was filed on September 29, 2019, Pet. at 15, the sentence had long since expired. Thus, petitioner was not "in custody" as defined in the habeas statute.

The fact that petitioner was later sentenced to a concurrent term of imprisonment, in Rensselaer County, is inconsequential. First, the City Court sentence did not impact, let alone enhance, his sentence. This is illustrated by the fact that the petitioner's institutional records do not specifically mention the City Court conviction. Petitioner's conclusory and unsupported claims to the contrary are insufficient to compel the Court to reach a different conclusion.

Second, liberally interpreting petitioner's claims that he was not given proper credit and assuming that the City Court sentence was not reduced, it expired at the end of 2014. Petitioner's continued incarceration due to another concurrent sentence was insufficient to establish jurisdiction. *Hurdle*, 2016 WL 4773130, at *2 ("once a sentence has been completely served and thus expired, an individual is no longer 'in custody' under that conviction even if he remains in custody on a separate conviction."). Moreover, because the City Court sentence did not enhance or otherwise impact the Rensselaer County sentence,

invalidating the City Court conviction and sentence would have no effect on petitioner's release date from his Rensselaer County sentence; therefore, the custody requirement has not been satisfied. *Hurdle*, 2016 WL 4773130, at *3. Because petitioner's Rensselaer County sentence was to run concurrently with his City Court sentence, petitioner is incorrect in his conclusion that he "remain[s] 'in custody' until all [his] sentences were served[.]" Ex. at 15. That would only be true if all of petitioner's sentences ran consecutively with one another, which, as previously stated, is not the case. *Garlotte*, 515 U.S. at 45-46.

Here, to the extent petitioner attempted to also challenge the later sentences imposed upon him by the Rensselaer and Albany County courts, such challenges are inappropriate. The Habeas Rules specifically provide that when a petitioner seeks relief from different state court judgments, he must file separate petitions for each challenge. Rule 2(e), Habeas Rules. To the extent petitioner seeks to further challenge these sentences, the appropriate procedural vehicle are separate, timely-filed habeas corpus petitions after proper exhaustion of petitioner's state court remedies has occurred.

## V.  CONCLUSION

**WHEREFORE**, it is

**ORDERED** that respondent's motion to dismiss, Dkt. No. 3, is **GRANTED**; and it is further

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED** for lack of subject matter jurisdiction; and it is further

**ORDERED** that petitioner's additional motion, Dkt. No. 9, is **DENIED**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner

has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[10] and it is further

**ORDERED** that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties, and serve an updated docket sheet upon petitioner, in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 14, 2020

Brenda K. Sannes
U.S. District Judge

---

[10] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).